IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 MAR 10 P 12: 31

CLERK'S OFFICE
AT GREENBELT

BY

| | |
|---|---|
| **CHARLOTTE MACBAGITO**, | * |
| Plaintiff, *pro se*, | * |
| v. | * Civil No. **PJM 18-3699** |
| **CROSBY CORPORATION** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Charlotte MacBagito, *pro se*, has filed this action against Crosby Corporation, apparently wholly owned by individual Howard Petty. Defendants have filed a Motion to Dismiss for insufficient service under Fed. R. Civ. P 12(b)(5) or in the alternative, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P 12(b)(6). For the following reasons, Defendants' Motion to Dismiss for failure to state a claim is **GRANTED WITH PREJUDICE**, but only in favor of Crosby Corporation.[1]

Per the Complaint, in August 2015, Crosby Corporation hired MacBagito as an Account Executive in its sales division. ECF No. 1, ¶¶ 6, 14. Petty is the Chief Executive Officer of Crosby Corporation. ECF No. 26-2. The employment agreement between Crosby Corporation and MacBagito specified that she would be paid $3,750 per month and was qualified to receive commissions and a draw in the first six months. ECF No. 1 at ¶¶ 15, 16, but MacBagito alleges that she did not receive her full commissions, wages, or reimbursement for mileage due to her race

---

[1] On October 4, 2019, Petty notified the Court that he had, individually, filed for Chapter 7 bankruptcy. ECF No. 30. As such, there is an automatic stay of this case as to him. On March 5, 2020, the Court issued an Order administratively closing the case as to him until the Court is advised that the automatic stay due to the bankruptcy filing has been lifted. ECF No. 34.

and gender. *Id.* at ¶¶ 17-18. She also alleges, among other things, that she was not given support to be an effective Account Executive; that she was isolated from other staff and placed in an inferior seating area; that she did not receive a company-issued laptop, business cards, or marketing material, whereas male employees in an equivalent position did; that she was assigned overtime and clerical and secretarial duties; that she was reprimanded for attending meetings via telephone while male employees were not; that Petty individually and employees of Crosby Corporation made comments on her attractiveness and required her to attend networking events and canvass for clients due to their perception of her attractiveness; and that she was terminated for complaining. *Id.* at ¶¶ 20-64, 96-97. MacBagito was terminated on September 10, 2015. *Id.* at ¶ 67.

On August 15, 2016, MacBagito filed a charge of discrimination with the Equal Employment Opportunity Commission. *Id.* at ¶ 4. On September 27, 2018, the EEOC closed its case on the ground that the charge was not timely filed. *Id.* at ¶ 6, ECF No. 26-1 at 2.

On December 26, 2018, MacBagito filed suit in this Court alleging various claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* As pleaded, her claims for relief are for 1) Intentional Discrimination 2) Race Discrimination (Disparate Impact) 3) Race-based Discrimination (Hostile Work Environment) 4) Sex-based Discrimination 5) Retaliation 6) Compensation Discrimination and 7) Sex-Based Discrimination, though she seems to actually be pleading a violation of 42 U.S.C. § 2000e-2, which encompasses training programs.

The Court finds it unnecessary to delve into the specifics of MacBagito's Complaint. It is undisputed that she was terminated on September 10, 2015, and that any and all alleged violations

of Title VII she complains of must have occurred either on or before this date. It is also undisputed that she did not file a charge with the EEOC until August 15, 2016, more than 11 months later.

Title VII establishes two possible limitation periods for filing a charge of discrimination with the EEOC. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). The basic limitations period is 180 days after the alleged unlawful employment practice. *See id.* However, the limitations period is extended to 300 days "when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Id. See also* 42 U.S.C. § 2000e-5. Because Maryland is a deferral state, since the state agency also proscribes the alleged unlawful employment practice, a complainant in Maryland has 300 days to file a charge of discrimination under Title VII. *See Prelich v. Med. Resources, Inc.*, 813 F. Supp. 2d 654, 661 (D. Md. Aug. 19, 2011). And "[w]hen the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court." *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994), cert. denied, 115 S. Ct. 1101 (1995).

MacBagito did not file charges with the EEOC within 300 days of the date of her termination, September 10, 2015, *i.e.* by July 6, 2016, but on August 15, 2016. Since all the actions she alleges to have violated Title VII took place on or before her termination date, she is time-barred in this Court as to all of her Title VII claims. *See, e.g., Petway v. Doyle Printing & Offset Co.*, 2013 WL 4454633, at *2 (D. Md. Aug. 15, 2013); *Black v. Cecil College*, 2009 WL 2366383, at *3 (D. Md. July 28, 2009); *Garland v. Levering*, 2010 WL 148322, at *2-3 (D. Md. Jan. 12, 2010).

Accordingly, the Court **GRANTS WITH PREJUDICE** Defendants' Motion to Dismiss for failure to state a claim but in favor of Crosby Corporation only. The Court also **DENIES**

MacBagito's Requests for Entry of Default, ECF Nos. 21 and 24, also only as to Crosby Corporation.[2]

A separate Order will **ISSUE**.

**March 9, 2020**

/s/
_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

---

[2] On August 9, 2019, Petty filed an affidavit on behalf of himself and Crosby Corporation stating that he was never served with a copy of a summons for this lawsuit. ECF No. 23-1. Though the Court authorized service by the U.S. Marshall Service by restricted delivery or certified mail, ECF No. 16, there do appear to be issues with service. First, the address MacBagito provided to the U.S. Marshall Service for service is not the address Petty asserts is his home address, nor is it the address Petty asserts is the address of Crosby Corporation. ECF Nos. 18, 19, 23-1. Second, no return receipt has been filed for service on Crosby Corporation, ECF No. 18, and the return receipt filed for service on Petty is blank, ECF No. 19. Even so, MacBagito's suit is barred by the statute of limitations, so a Motion for Default Judgment has no basis.

4